UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ATTAIN SPECIALTY INSURANCE COMPANY, a Michigan corporation,<br><br>            Plaintiff,<br><br>    v.<br><br>RENO CAB COMPANY, INC., d/b/a RENO-SPARKS CAB, a Nevada corporation, and RICHARD L. WARNE, an individual,<br><br>            Defendants.<br><br>RENO CAB COMPANY, INC., d/b/a RENO-SPARKS CAB, a Nevada corporation, and RICHARD L. WARNE, an individual,<br><br>            Counterclaimant,<br><br>    v.<br><br>ATTAIN SPECIALTY INSURANCE COMPANY, a Michigan corporation,<br><br>            Counterdefendant. | Case No. 3:15-cv-00406-MMD-VPC<br><br>ORDER |

**I.    SUMMARY**

Plaintiff/Counter-Defendant Atain Specialty Insurance Company ("Atain") objects to the Magistrate Judge's Order granting Defendant/Counter-Claimant Reno Cab Company, Inc.'s ("Reno Cab") motion to compel. (ECF No. 97.) On January 24, 2017, after hearing from the parties, the Magistrate Judge directed the deposition of Pamela McKay to be conducted by February 24, 2017, and for unredacted work product of Ms.

McKay to be produced ten (10) court days before her deposition. (ECF No. 96.) Atain waited 13 days, until February 6, 2017, to object and sought emergency relief. (ECF No. 97.) Despite such delay,[1] the Court shortened the time for Reno Cab to file its response (ECF Nos. 98, 99),[2] which the Court has reviewed. For the reasons discussed below, Atain's objection ("Objection") is overruled.

## II.  RELEVANT BACKGROUND

This action involves a dispute as to coverage under a commercial general liability policy covering the policy period of December 15, 2011, to December 15, 2012 ("the Policy"), for a lawsuit arising out of a purported altercation on December 23, 2011 ("Underlying Action"). (ECF No. 1 at 2-3.) The complaint in the Underlying Action alleges that Defendant Richard Warne ("Warne") had a verbal argument about a cab fare and used force against the victim which resulted in his death. (ECF No. 1-2.) The plaintiffs in the Underlying Action asserted claims for wrongful death, battery and negligent training and supervision against Reno Cab and Warne. (*Id.*) Atain asserts two claims for declaratory relief to declare that it had no duty to defend and no duty to indemnify under the Policy because coverage is excluded under the assault and battery endorsement. (*Id.* at 5-11.) Reno Cab asserts counterclaims for breach of contract, breach of the implied covenant of good faith and fair dealing, and for violations of the Unfair Claims Practices Act. (ECF No. 6.)

As relevant to Atain's Objection, Atain's claim adjuster, Sally Rock, testified that where the claim involved a fatality and a complaint was filed, "Atain would generally send it to coverage counsel for an opinion instead of making the decision [itself]." (ECF No. 67-11 at 9, 16.) In this case, after doing some initial investigation into Reno Cab's coverage tender, Ms. Rock referred the matter to "coverage counsel," Ms. McKay, "to look at the

---

[1] The Court reminds Atain of LR 7-4(b), which states: "Emergency motions should be rare. A party or attorney's failure to effectively manage deadlines, discovery, trial, or any other aspect of litigation does not constitute an emergency." It is not clear why Atain waited almost two weeks to file its objection seeking emergency relief.

[2] The normal response time would have fallen on February 20, 2017, which is beyond the deadline for Atain to produce Ms. McKay's unredacted work product.

2

facts the complaint stated, and the policy to assist in determining whether this is a tender that would be accepted." (*Id.* at 15.) Based on Ms. McKay's recommendations, Atain declined Reno Cab's tender of defense of the Underlying Action. (*Id.* at 18)

### III.  LEGAL STANDARD

Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); LR IB 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case pursuant to LR IB 1-3, where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law."). A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *See United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Burdick v. Comm'r IRS*, 979 F.2d 1369, 1370 (9th Cir. 1992). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Jadwin v. Cty. of Kern*, 767 F. Supp. 2d 1069, 1110-11 (E.D. Cal. 2011) (quoting *DeFazio v. Wallis*, 459 F. Supp. 2d 159, 163 (E.D.N.Y. 2006)). When reviewing the order, however, the magistrate judge "is afforded broad discretion, which will be overruled only if abused." *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007). The district judge "may not simply substitute its judgment" for that of the magistrate judge. *Grimes v. City and County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (citing *United States v. BNS, Inc.*, 858 F.2d 456, 464 (9th Cir. 1988)).

### IV.  DISCUSSION

The gist of Atain's argument is that the Magistrate Judge's finding that Atain waived the attorney-client privilege and work product is clearly contrary to law because Atain has not asserted the affirmative defense of advice of counsel. Atain suggests the Magistrate Judge did not fully consider Ms. Rock's testimony and erroneously relied on *Wardleigh v. District Court*, 891 P.2d 1180 (Nev. 1995). Reno Cab counters that Ms. Rock's testimony supports a finding of implied waiver of the attorney-client privilege and work product. The Court agrees with Reno Cab.

3

In *Wardleigh*, the Nevada Supreme Court adopted implied waiver of the attorney-client privileged. *Wardleigh,* 891 P.2d at 1186. As the court explained, "where party seeks an advantage in litigation by revealing part of a privileged communication, the party shall be deemed to have waived the entire attorney-client privilege as it relates to the subject matter of that which was partially disclosed." *Id.* (citation omitted).

Here, Atain's representative testified that Atain's coverage counsel investigated Reno Cab's claim and made the decision to deny coverage based on coverage counsel's recommendation. Atain suggests that Reno Cab took Ms. Rock's testimony out of context, but Ms. Rock's deposition testimony is clear — she relied on counsel to investigate Reno Cab's claim and denied coverage based on counsel's recommendations. (ECF No. 67-11 at 16-18.) While Atain has not asserted advice of counsel as an affirmative defense, Atain's response to Reno Cab's bad faith claim implicitly raises advice of counsel. Under these circumstances, the Magistrate Judge did not commit clear error when she found implied waiver of the privilege and the attorney work product.

## V.   CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of Atain's Objection.

It is therefore ordered that Atain Specialty Insurance Company's Objection to the Magistrate Judge's Order (ECF No. 97) is overruled.

DATED THIS 15th day of February 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

4