UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ATAIN SPECIALTY INSURANCE COMPANY, a Michigan corporation,<br><br>Plaintiff,<br><br>v.<br><br>RENO CAB COMPANY, INC. d/b/a RENO-SPARKS CAB, a Nevada corporation, and RICHARD L. WARNE, an individual,<br><br>Defendants. | Case No. 3:15-cv-00406-MMD-CBC<br><br>ORDER |

## I.    SUMMARY

This action involves a dispute over insurance coverage. Before the Court are the parties' cross-motions for summary judgment: Plaintiff Atain Specialty Insurance Company's ("Atain") renewed motion for summary judgment ("Atain's Motion") (ECF No. 116) and Defendant Reno Cab Company's ("Reno Cab") motion for partial summary judgment ("Reno Cab's Motion") (ECF No. 121). The Court has reviewed the parties' responses and replies (ECF Nos. 122, 124, 125, 133).[1] For the following reasons, the Court grants in part and denies in part both motions as discussed herein.

///

///

---

[1] Reno Cab relied upon new facts and evidence in its reply in support of its motion for summary judgment (ECF No. 133) and sought leave to file additional documents under seal in support of its reply (ECF Nos. 134, 135). Atain filed a motion to strike Reno Cab's reply and motion for leave to file documents under seal. (ECF No. 136.) The Court does not rely on Reno Cab's new facts and evidence in this order. Accordingly, the Court will deny Reno Cab's motions (ECF Nos. 134, 135) and Atain's motion to strike (ECF No. 136) as moot.

## II.    BACKGROUND

This action involves a dispute as to coverage under a commercial general liability policy covering the policy period of December 15, 2011, to December 15, 2012 ("the Policy"), for a lawsuit arising out of a purported altercation on December 23, 2011 ("Underlying Action"). (ECF No. 1 at 2-3.) The complaint in the Underlying Action alleges that Defendant Richard Warne ("Warne") had a verbal argument about a cab fare and used force against the victim which resulted in his death. (ECF No. 1-2.) The plaintiffs in the Underlying Action asserted claims for wrongful death, battery, and negligent training and supervision against Reno Cab and Warne. (*Id.*) Atain asserts two claims for declaratory relief to declare that it had no duty to defend and no duty to indemnify under the Policy because coverage is excluded under the assault and battery endorsement. (ECF No. 1 at 5-11.) Reno Cab asserts counterclaims for breach of contract, breach of the implied covenant of good faith and fair dealing, and for violations of the Unfair Claims Practices Act. (ECF No. 6.)

## III.    LEGAL STANDARD

Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), and a dispute is material if it could affect the outcome of the suit under the governing law. *Id.*

Summary judgment is not appropriate when "reasonable minds could differ as to the import of the evidence." *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is [that which is] enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (*quoting First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). Decisions granting or denying summary judgment are made in light

of the purpose of summary judgment "to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies the requirements of Rule 56, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *In re Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008). If a party relies on an affidavit or declaration to support or oppose a motion, it "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient . . . ." *Anderson*, 477 U.S. at 252.

## IV.    RENO CAB'S MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF NO. 121)

Reno Cab argues that it is entitled to summary judgment on both claims for relief in Atain's Complaint because coverage existed and Atain was obligated to defend it in the Underlying Action. (ECF No. 121 at 2.) Reno Cab also argues that it is entitled to summary judgment on several of Atain's affirmative defenses to Reno Cab's counterclaims. (*Id.*)

### A.    Whether Atain Owed a Duty to Defend

The primary dispute between the parties is whether Atain owed Reno Cab a duty to defend in the Underlying Action. Atain argues that it did not owe a duty to defend based

on an exclusion in the policy for assault and battery ("Assault and Battery Exclusion").

(ECF No. 61 at 13; ECF No. 125 at 3; ECF No. 124 at 15.) The Assault and Battery

Exclusion states:

> This insurance does not apply under COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY and COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY arising from:
>
> 1. Assault and Battery committed by any Insured, any employee of any Insured or any other person;
>
> 2. The failure to suppress or prevent Assault and Battery by any person in 1. above;
>
> 3. Any Assault or Battery resulting from or allegedly related to the negligent hiring, supervision, or training of any employee of the Insured; or
>
> 4. Assault or Battery, whether or not caused by or arising out of negligent, reckless or wanton conduct of the Insured, the Insured's employees, patrons or other persons lawfully or otherwise on, at or near the premises owned or occupied by the Insureds, or by any other person.

(ECF No. 124 at 3.)

Reno Cab argues that the Assault and Battery Exclusion is ambiguous as to whether it applies to self-defense. (ECF No. 121 at 15-16.) In support of its position, Reno Cab relies on the self-defense provision of another exclusion in the Policy ("Expected or Intended Injury Exclusion"). (*See* ECF No. 121 at 14.) The Expected or Intended Injury Exclusion states:

> This insurance does not apply to:
>
> a.    Expected Or Intended Injury
>
> "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. *This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.*

(ECF No. 124 at 3 (emphasis added).) According to Reno Cab, the self-defense limitation

to the Expected Or Intended Injury Exclusion contradicts the Assault and Battery

Exclusion: "On the one hand, under the Expected or Intended Exclusion, Warne's self-

defense would not exclude coverage; yet, for example, under Atain's position, his self-

defense would exclude coverage under the Assault and Battery Endorsement." (ECF No.

///

121 at 14.) In light of this ambiguity, Reno Cab argues, the Court should construe the Assault and Battery Exclusion in favor of coverage. (*Id.*)

"A federal court, sitting in diversity, construing an insurance policy, must apply the law of the state in construing an insurance policy." *Fortis Benefits Ins. Co. v. Johnson*, 966 F. Supp. 987, 989 (D. Nev. 1997), *aff'd*, 152 F.3d 925 (9th Cir. 1998). The Nevada Supreme Court has provided the following guidance regarding the interpretation of insurance policies:

> An insurance policy should be read as a whole, and its language should be analyzed from the perspective of one untrained in law or in the insurance business. Policy terms should be viewed in their plain, ordinary and popular connotations. If a term in an insurance policy is ambiguous, it will be construed against the insurer, because the insurer was the drafter of the policy. Whether a term is ambiguous depends on whether it creates reasonable expectations of coverage as drafted. Thus, a court should interpret an insurance policy to effectuate the reasonable expectations of the insured. To determine whether a term is ambiguous, it should not be viewed standing alone, but rather in conjunction with the policy as a whole in order to give a reasonable and harmonious meaning and effect to all its provisions.

*Fourth St. Place v. Travelers Indem. Co.*, 270 P.3d 1235, 1239 (Nev. 2011), *as modified on reh'g* (May 23, 2012) (internal quotation marks and citations omitted); *see also Century Sur. Co. v. Casino W., Inc.*, 329 P.3d 614, 616 (Nev. 2014).

The Court agrees with Reno Cab that the Assault and Battery Exclusion conflicts with the Expected or Intended Injury Exclusion and creates ambiguity. An assault or battery is an intentional act, which brings it within the scope of both the Assault and Battery Exclusion and the Expected or Intended Injury Exclusion, yet only the Expected or Intended Injury Exclusion includes a carve-out for self-defense. Accepting Atain's contention that self-defense necessarily constitutes an assault and battery,[2] this inconsistency leads to two competing interpretations of the Policy: on the one hand, the Policy covers self-defense characterized as an intentional act, and on the other hand, the Policy excludes coverage for self-defense characterized as an assault and battery. "An

///

[2](ECF No. 124 at 23 ("Mr. Warne's decision to act in self-defense does not alter the application of the Assault & Battery Exclusion because you cannot act in self-defense unless committing an assault or a battery.").)

5

insurance policy is considered ambiguous if 'it creates multiple reasonable expectations of coverage as drafted.'" *Century Sur. Co.*, 329 P.3d at 616 (citation and internal alteration omitted). In light of this ambiguity, the Court must construe the Assault and Battery Exclusion in favor of coverage. *Fourth St. Place*, 270 P.3d at 1239.

The Court does not find any of Atain's arguments to the contrary persuasive. First, Atain argues that exclusions in a policy operate independently of each other and should be read separately (ECF No. 125 at 13), however the Nevada Supreme Court has held otherwise, *see, e.g.*, *Fourth St. Place*, 270 P.3d at 1239 ("An insurance policy should be read as a whole . . . .") (internal quotation marks and citation omitted).

Atain further argues that the Expected or Intended Injury Exclusion is irrelevant because Warne is not "the insured" within the meaning of the exclusion. (ECF No. 125 at 12.) According to Atain, "the insured" refers to Reno Cab and not Warne because Reno Cab took the position in the Underlying Action that Warne was an independent contractor and not an employee. (*See* ECF No. 125 at 11-12; ECF No. 124 at 11-12.) Reno Cab argues that Warne was an "insured" under the terms of the exclusion—at least for the purposes of determining whether Atain owed a duty to defend—because the victim asserted that Warne was an employee of Reno Cab in the Underlying Action. (ECF No. 133 at 14-15.) Given that there was a dispute of material fact in the Underlying Action as to whether Warne was an employee or independent contractor, the possibility of coverage existed, thereby triggering the duty to defend. (*Id.* (citing *United Nat'l Ins. Co. v. Frontier Ins. Co., Inc.*, 99 P.3d 1153, 1158 (Nev. 2004).) The Court agrees with Reno Cab that a potential for coverage existed when a dispute arose regarding whether Warne was an employee or independent contractor. *See United Nat'l Ins. Co.*, 99 P.3d at 1158 ("An insurer bears a duty to defend its insured whenever it ascertains facts which give rise to the potential of liability under the policy.") (internal alterations omitted). If Warne were an employee, then the Expected or Intended Injury Exclusion would apply, even in Atain's view. (*See* ECF No. 125 at 11-12.) Moreover, even if the Expected or Intended Injury Exclusion did not apply to Warne because he is not "the insured" within the meaning of

the Expected or Intended Injury Exclusion, the Policy still contradicts itself by providing coverage for self-defense characterized as an intentional act while excluding coverage for self-defense characterized as assault or battery. Nevada law requires policy terms to be read "in conjunction with the policy as a whole 'in order to give a reasonable and harmonious meaning and effect to all its provisions.'" *Fourth St. Place*, 270 P.3d at 1239 (quoting *Nat'l Union Fire Ins. Co. of State of Pa. v. Reno's Exec. Air, Inc.*, 682 P.2d 1380, 1383 (Nev. 1984)).

Atain further argues that the Assault and Battery Exclusion has been found unambiguous and enforceable in other jurisdictions, citing to *Atain Specialty Ins. Co. v. Chang*, No. CIV.A. H-12-160, 2012 WL 2194116 (S.D. Tex. June 14, 2012), and *Atain Specialty Ins. Co. v. Chouteau Prop. Mgmt., Inc.*, No. 15-CV-804-JPG-PMF, 2016 WL 4014767 (S.D. Ill. July 27, 2016). In the first case, the court found that the self-defense carve-out to the Expected or Intended Injury Exclusion did not apply to the Assault and Battery Exclusion. *Chang*, 2012 WL 2194116, at *5. However, the court's reasoning was scant. *Id.* ("Having considered the arguments, the Policy, and the applicable case law, the court finds the 'reasonable force' exception does not apply to the Assault and Battery Exclusion."). Moreover, the court did not apply Nevada's legal standard (or any similar standard) requiring the court to read the insurance policy as a whole and harmonize inconsistencies. *See id.*; *see also Fourth St. Place*, 270 P.3d at 1239.

Accordingly, the Court finds that Atain owed a duty to defend Reno Cab in the Underlying Action. The Court will grant Reno Cab summary judgment in its favor on Atain's first and second claims for relief. The Court need not consider Reno Cab's additional argument regarding revisions Atain made to its policies and will deny Reno Cab's motion for leave to file documents under seal (ECF No. 134), Reno Cab's motion for leave to allow supplemental briefing (ECF No. 135), and Atain's motion to strike (ECF No. 136) as moot.

## B. Affirmative Defenses

Reno Cab argues that Atain cannot adduce facts to support Atain's affirmative defenses of Unclean Hands, Equity Does Not Support Recovery, Collusion, and

1  Application of Other Insurance. (ECF No. 121 at 24.) Atain withdrew these affirmative

2  defenses in its response. (ECF No. 124 at 24.) The Court will thus deny this portion of

3  Reno Cab's Motion as moot.

4  **V.      ATAIN'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 116)**

5          Atain seeks summary judgment against Reno Cab regarding Reno Cab's

6  counterclaims for (1) breach of contract; (2) breach of the implied covenant of good faith

7  and fair dealing; and (3) violation of Unfair Claims Practices Act. (ECF No. 116.)

8          Regarding the first counterclaim, the Court will deny summary judgment. "Under

9  Nevada law, 'the plaintiff in a breach of contract action [must] show (1) the existence of a

10  valid contract, (2) a breach by the defendant, and (3) damage as a result of the breach.'"

11  *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 899 (9th Cir. 2013) (quoting *Saini v. Int'l*

12  *Game Tech.*, 434 F. Supp. 2d 913, 919-20 (D. Nev. 2006)). The only element Atain

13  disputes is breach—Atain  argues that it did not breach the contract because it did not owe

14  a duty to defend Reno Cab. (ECF No. 61 at 19.) Because the Court finds that Atain did in

15  fact owe a duty to defend Reno Cab, the Court denies Atain's Motion on Reno Cab's first

16  counterclaim.

17         Regarding the second and third counterclaims, Reno Cab's opposition to Atain's

18  motion is meager:

19         Finally, it is respectfully submitted that sufficient evidence of oppression – "a
         conscious disregard for the rights of others . . . subjecting [Reno Cab] to
20       cruel and unjust hardship" – has been presented herein to preclude
         summary judgment on the issue of punitive damages and to allow that issue
21       of fact to be decided by the jury. Ainsworth, supra, 104 Nev. At 587, 763
         P.2d at 675. For the foregoing reasons, [Atain's] motion for summary
22       judgment as to the Reno Cab's bad faith, insurance unfair trade practices,
         and punitive damages claims should be denied.

23

24  (ECF No. 122 at 20-21.) Atain argues that it is entitled to summary judgment on the second

25  and third counterclaims because Reno Cab failed to apply law to facts in its opposition.

26  (ECF No. 125 at 14.) The Court agrees with Atain and declines to sift through the facts

27  section of Reno Cab's opposition in an attempt to discern what evidence might support its

28  opposition to summary judgment. *See Indep. Towers of Wash. v. Washington*, 350 F.3d

925, 929 (9th Cir. 2003) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.") (internal alteration omitted). Accordingly, the Court will grant summary judgment in favor of Atain on Reno Cab's second and third counterclaims for relief.

## VI. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Reno Cab's motion for summary judgment (ECF No. 121) is granted in part and denied in part. Summary judgment is granted in favor of Reno Cab on Atain's first and second claims for relief in its Complaint. Summary judgment is denied as moot with respect to the following of Atain's affirmative defenses: Unclean Hands, Equity Does Not Support Recovery, Collusion, and Application of Other Insurance.

It is further ordered that Atain's motion for summary judgment (ECF No. 116) is granted in part and denied in part. Summary judgment is granted in favor of Atain on Reno Cab's second and third counterclaims for relief. Summary judgment is denied on Reno Cab's first counterclaim for relief.

It is further ordered that the following motions are denied as moot: Reno Cab's motion for leave to file documents under seal (ECF No. 134); Reno Cab's motion for leave to allow supplemental briefing (ECF No. 135); and Atain's motion to strike (ECF No. 136).

DATED THIS 14th day of September 2018.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE