Pamela A. McKay (SBN 7812)
**MCKAY LAW FIRM, CHTD.**
9320 Sun City Blvd., Suite 104
Las Vegas, NV 89134
Phone: 702-835-6956
Fax: 702- 835-6957
pmckay@mckaylawfirmchtd.com

Attorneys for Plaintiff/Counter-Defendant
ATAIN SPECIALTY INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEVADA

ATAIN SPECIALTY INSURANCE COMPANY, a Michigan corporation

Plaintiff,

vs.

RENO CAB COMPANY, INC. d/b/a RENO-SPARKS CAB, a Nevada corporation, and RICHARD L. WARNE, an individual,

Defendants.

---

RENO CAB COMPANY, INC. d/b/a RENO-SPARKS CAB, a Nevada corporation, and RICHARD L. WARNE, an individual,

Counterclaimant,

vs.

ATAIN SPECIALTY INSURANCE COMPANY, a Michigan corporation,

Counterdefendant.

---

CASE NO. 3:15-cv-00406-MMD-CBC

ORDER ON
STIPULATED MOTION TO STRIKE AND VACATE ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT (DOC. 154)

///

///

///

///

Plaintiff/Counter-defendant, ATAIN SPECIALTY INSURANCE COMPANY (Atain), by and through its counsel of record, Pamela A. McKay of the McKay Law Firm, Chtd., and Defendant/Counter-claimant RENO CAB COMPANY, INC. d/b/a RENO-SPARKS CAB (Reno Cab), by and through its principal, Mr. Roy Street, and its counsel of record, Jonathan Whitehead of Whitehead and Whitehead, hereby submit the following Stipulated Motion to Strike and Vacate the Order on the parties' Cross-Motions for Summary Judgment (Doc. #154).

I. FACTUAL AND PROCEDURAL BACKGROUND

On August 11, 2015, Atain filed a complaint for declaratory relief against Reno Cab and defendant Richard L. Warne (Warne).

On September 3, 2015, Reno Cab answered the Complaint and filed a Counter-Claim. Atain answered the Counter-Claim thereafter.

On September 24, 2015, Warne filed an Answer to the Complaint.

After the parties engaged in discovery, Warne and Atain entered into a settlement and the Complaint was dismissed against Warne.

With regard to Atain and Reno Cab, each party filed their respective dispositive motion. On September 14, 2018, the Court issued an Order granting in part and denying in part said Motions for Summary Judgment and/or Summary Adjudication. (Doc. #154.)

Pursuant to the Order for the parties to participate in a mandatory settlement conference (Doc. #158), Atain and Reno Cab participated in a settlement conference on January 9, 2019.

The parties reached a settlement conditioned on the Court granting this stipulated Motion to Strike and Vacate the Order granting the dispositive motions in lieu of Atain taking an appeal as a matter of right upon a judgment being entered in this suit.

As part of the conditional settlement, Atain requested Reno Cab, including its principal, Mr. Roy Street, and its attorney of record, Jonathan Whitehead to stipulate to a Motion to Vacate and Strike the Order on the Cross-Motions for Summary Judgment. Michael Pintar, co-counsel for Reno Cab, agrees with this stipulated Motion despite not executing the Motion.

Mr. Street on behalf of Reno Cab was apprised of the impact of this conditional settlement, if any, through his personal counsel (Mark Simons of Simons Law, P.C.), and he expressly agreed

to the conditional settlement on behalf of Reno Cab. Additionally, Reno Cab's counsel of record agreed to the conditional settlement including Atain filing this stipulated Motion.

Therefore, Atain and Reno Cab bring this Motion to obtain an Order to complete the conditional settlement.

## II. LAW AND LEGAL ARGUMENT

### A. Federal Rule of Civil Procedure 54

Federal Rule of Civil Procedure 54(b) governs non-final judgments, including "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties." Fed. R. Civ. P. 54(b).

Under Rule 54(b), the court has wide latitude to revise prior orders and an order "may be revised at any time before the entry of a judgment . . . ." Fed. R. Civ. P. 54(b).

In the Ninth Circuit, a district court may vacate a judgment following settlement upon consideration of "the consequences and attendant hardships of dismissal or refusal to dismiss and the competing values of finality of judgment and right to re-litigation of unreviewed disputes." *Am. Games, Inc. v. Trade Prods., Inc.*, 142 F.3d 1164, 1168 (9th Cir. 1998) (quotation marks omitted). No such inquiry is required under Rule 54(b).

Under Rule 54(b), district courts have "complete power" over non-final orders and may vacate or revise them "at any time," if doing so would be "consonant with equity." *United States Gypsum Co. v. Pac. Award Metals, Inc.*, No. C 04-04941 JSW, 2006 WL 1825705, at *1 (N.D. Cal. July 3, 2006); *De la O v. Arnold-Williams*, No. CV-04-0192-EFS, 2008 WL 4192033, at *1 (E.D. Wash. Aug. 27, 2008) (quotation marks omitted).

Courts that exercise Rule 54(b) power in the context of settlement have found vacating a prior order is "consonant with equity" if there are no reasons suggesting the order should not be vacated.

For example, in *United States Gypsum,* a district court in the Northern District of California vacated several orders under Rule 54(b), including a summary judgment order and a claims construction order, to facilitate settlement. (*United States Gypsum*, 2006 WL 1825705, at *1.) The court in that case required only that the agreement to vacate "was a significant factor in

successfully resolving this litigation," and that there were "no considerations that would justify denial of the motion." *Id.*

Likewise, in *De la O*, the court considered factors such as (1) whether all parties have agreed to vacate the order as a condition of the proposed settlement; (2) whether a former party to the action would be adversely affected by vacating the order; and (3) whether the costs of continuing the action with uncertain results are outweighed by the benefits of the proposed settlement. (*De la O*, 2008 WL 4192033, at *1.)

In this case, none of these considerations suggest denying the Stipulated Motion to strike and vacate is appropriate. First, a condition to settling the dispute between the parties is the court granting this motion; hence, the stipulated motion. The proposed resolution also conserves judicial resources in several respects, including not addressing issues on appeal, and those that remain at the district court, including without limitation trial on damages.

There is no suggestion that any former party to the case would be adversely affected by striking and vacating the Order since the Order at issue is specific to Atain and Reno Cab. Rather, the parties negotiated a resolution of this entire suit that is conditioned on the court granting this Stipulated Motion. Therefore, granting the Stipulated Motion pursuant to Rule 54 is proper.

B. <u>Federal Rule of Civil Procedure 60</u>

Federal Rule of Civil Procedure Rule 60 also provides this Court with authority to strike and vacate the Order on the Cross-Motions for Summary Judgment pursuant to a material term to a proposed settlement of this case.

In particular, Rule 60(b)(6) provides that a Court may set aside a final judgment or ruling for "any other reason that justifies relief" as the interests of justice require. *See In Re International Fibercom, Inc.,* 503 F.3d 933, 940 (9th Cir. 2007) (Rule 60(b)(6) "should be liberally applied" to "accomplish justice").

The decision to vacate an order is addressed to the sound discretion of the district court and gives the court a grand reservoir of equitable power to do justice in a particular case. FRCP 60(b), 28 U.S.C.A; *Backlund v. Barnhart*, 778 F.2d 1386 (9th Cir. 1985) (applying Washington


law) (decision to vacate reviewed under broad abuse of discretion standard).

Here, to facilitate a conditional settlement, and as an express term in their negotiated settlement, Atain and Reno Cab agreed that Atain would file the instant Stipulated Motion to strike and vacate the Court's September 14, 2018 Order (Doc. #154). On similar facts, courts have upheld this request.

In *Novell, Inc. v. Network Trade Center*, 187 FRD 657, 660 (D. Utah 1999), the parties to a trademark infringement dispute reached a settlement predicated on partial vacatur of the district court's prior rulings, leaving the remainder of the rulings intact and petitioned the court for a partial vacatur pursuant to FRCP 60(b)(5). *Id.* at 659.

The *Novell* court, noting the parties had good reason to seek vacatur, and that settlement, including vacatur, presented a simple and inexpensive way to accommodate both parties' interests, approved the motion and, as requested, vacated some but not all its prior rulings. *Id.* at 661. *See also, Lycos v. Blockbuster*, 2010 WL 5437226 (D. Mass. 2010) (partial vacatur approved where settlement contingent on court's granting party's unopposed motion to vacate).

Here, the parties agreed as a condition to settlement that Atain would seek vacatur of the Court's September 14, 2018 Order and it would be stricken from the record pursuant to the instant Stipulated Motion.

While the settlement agreement between the parties is anticipated to relieve the parties of any further obligations in this case, Atain seeks the instant relief due to the continuing, citable nature of the prior Order, which may detrimentally impact Atain in future cases.

Because the parties are willing to resolve the case and forego the appeal, Atain believes the requested relief is justified to promote compromise and avoid expensive appeals. By striking and vacating the Order, Atain obtains the recompense it desires from the resolution and it not compelled to continue to litigate this suit on the issue of damage and then on appeal.

The strong public policies of encouraging settlement and conserving judicial resources apply here; the parties submit no reason exists for the Court to not grant this Stipulated Motion.

///

///

## III. CONCLUSION

The parties request the Court strike and vacate the Order on the Cross-Motions for Summary Judgment, which is a condition to a successful settlement of this action. If the Stipulated Motion is not granted, the suit will continue and an appeal will be taken from the final judgment.

**MCKAY LAW FIRM, CHTD.**

Dated: January 15, 2019

By: */s/ Pamela McKay*

PAMELA A. McKAY (SBN 7812)
9320 Sun City Blvd., Suite 104
Las Vegas, NV 89134
T: (702) 835-6956
F: (702) 835-6957
Attorneys for Plaintiff/Counter-Defendant
ATAIN SPECIALTY INSURANCE COMPANY

**RENO CAB, INC.**

Dated: January 18, 2019

By: [signature]
Roy Street, Principal

Dated: January 15, 2019

**WHITEHEAD & WHITEHEAD**

*/s/ Jonathan Whitehead*

JONATHAN J. WHITEHEAD (SBN 4415)
10389 Double R Blvd.
Reno, NV 89521
Attorneys for Defendant/Counter-Claimant
RENO CAB COMPANY, INC.

The joint motion is granted.

IT IS SO ORDERED.

[signature]
U.S. District Judge

Dated: January 23, 2019

# CERTIFICATE OF SERVICE

*Atain Specialty Insurance Company v. Reno Cab Co, Inc. et al.*
3:15-cv-00406-MMD-CBC

I certify that I am employed by McKay Law Firm, Chtd., and that pursuant to LR 5-4, on January 23, 2019, I served a true and correct copy of the foregoing STIPULATED MOTION TO STRIKE AND VACATE ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT (DOC. 154) via CM/ECF to the parties and to their counsel identified below:

| COUNSEL OF RECORD | PARTY |
|---|---|
| Michael A. Pintar, Esq.<br>GLOGOVAC & PINTAR<br>427 West Plumb Lane<br>Reno, NV 89509<br>T: (775) 333-0400<br>F: (775) 333-0412<br><br>Jonathan J. Whitehead, Esq.<br>WHITEHEAD & WHITEHEAD<br>10389 Double R Blvd.<br>Reno, NV 89521<br>T: (772) 823-7700<br>F: (775) 823-7709 | Attorneys for Defendant/Counter-Defendant, RENO CAB COMPANY, INC. |
| | |

Pamela McKay
PAMELA MCKAY